HENRY L. GRAY, Receiver of the Active Building & Loan Association, Appellant, v. GEORGE W. DAVIS et al., Respondents.

**St. Louis Court of Appeals, May 7, 1901.**

1. **Bond, Condition of: SURETIES LIABILITY OF, ON BOND: EV-IDENCE.** Where the terms of the condition of a bond obligated defendant to perform all the duties of the office of secretary of a building and loan association, and to account for and turn over all money coming into his hands as such officer, and there is no evidence that he, as secretary, did not discharge his official duties as such, nor that he withheld any money which he had received for the association in that capacity, the sureties on his bond are not liable for money paid to the defendant by the treasurer of the association for his services as secretary.

2. ———: ———. The obligations of sureties on bonds can not be extended beyond the reasonable significance of their terms.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

This is a suit by the supervisor of building and loan associations, in charge of the Active Building and Loan Association No. 1, against George W. Davis and the American Bonding and Trust Company of Baltimore, Maryland.

The petition alleges that on the sixth day of November,

1896, defendant George W. Davis was elected, for the period of one year from said date, as secretary of said building and loan association; that as such officer he, with the defendant American Bonding and Trust Company as his surety, gave bond in the sum of five thousand dollars, containing the following condition: "The condition of this obligation is such that, whereas, George W. Davis, the above bounden was, on the sixth day of November, 1896, duly elected or appointed to the office of secretary of the Active Building and Loan Association No. 1 (a corporation duly incorporated under the laws of the State of Missouri). Now, if the said George W. Davis shall well and faithfully perform all the duties of said office and shall account for and turn over all money and property coming into his hands as such officer, then this obligation shall be void; otherwise to remain in full force and effect."

The petition alleges a breach of said bond in this, that whereas, as such secretary, George W. Davis was only entitled to a salary of seventy-five dollars per month, he, nevertheless, took and appropriated for himself as for salary a sum in excess of that to which he was entitled, between the months of October, 1897, and February, 1898, which aggregated seven hundred and fifty dollars. Wherefore, a judgment was prayed for the penalty of the bond and execution against defendants for said sum of seven hundred and fifty dollars with interest.

For a second cause of action, the plaintiff sought to recover of defendants the same sum for the alleged breach of duty as expressed in a similar condition of a similar bond, executed on the eighteenth day of October, 1897.

The defendants filed separate answers containing general denials, and also containing, in the answer of defendant George W. Davis, an averment that the plaintiff had no authority to sue, and that the decree of the court appointing him receiver of said loan association was void.

The evidence shows that defendant Davis was a director and secretary of the building and loan association from the time of its organization to the seventeenth day of February, 1898, when it was placed in the hands of plaintiff as receiver. The minute books of the association contain references to his salary as secretary, prior to and including the year 1895. Said books also contain an entry made November 3, 1897, showing the election of officers and the salary of said Davis at twelve hundred dollars per year for the year following the date of said entry. With reference to this entry, plaintiff adduced evidence tending to prove that the reference therein to the salary of defendant Davis as secretary was an interpolation; that the matter of his salary was not considered at all during the board meeting which the entry in question purported to record. The cash book of the building and loan association shows that defendant Davis drew a salary of seventy-five dollars per month from January 31, 1896, until October 16, 1897, and a further payment to him on that date of balance of back salary for twenty-five months at the rate of twenty-five dollars per month, or six hundred and twenty-five dollars; that on October 20 he drew one hundred dollars for his salary and continued to draw that amount until the association was dissolved; that all payments to him on salary account were by checks of the association, signed by himself and other officers.

The court refused and modified the instructions requested by plaintiff, and charged the jury of its own motion, who brought in a verdict for plaintiff on the second count of the petition, and assessed his damages at the sum of one hundred dollars, from which the plaintiff perfected his appeal to this court.

*Thomas A. Russell* and *H. C. Dyer* for appellants.

The plaintiff was entitled to a verdict on the first count of his petition and the court should have so instructed the jury. The bond on which this count was founded was given for the faithful performance by Davis of his duties as secretary for the fiscal year of 1896, beginning November 6, of that year. The records show that no contract for salary was made with Davis for this year and the by-laws fail to show that the secretary was entitled to a salary. Under these circumstances Davis being both a director and secretary was not entitled to any salary as secretary. In the absence of a by-law or resolution of the board legally passed, he is presumed to serve without compensation. Pfeiffer v. Landsberg, 44 Mo. App. 59; Bennet v. St. Louis Car Co., 19 Mo. App. 349; Besch v. Mfg. Co., 36 Mo. App. 333; Rose v. Carbonating Co., 60 Mo. App. 28; Remmers v. Seky, 70 Mo. App. 367, loc. cit.

*Jno. A. Blevins, G. S. Hoss* and *W. J. Stone* for respondent.

(1) It is apparent from the whole record in this case that Davis was entitled to a salary of $100 per month for the period covered by the bonds mentioned in the petition. All parties in interest recognized his right to the salary of $100 per month. The plaintiff, acting in the capacity of supervisor, as well as the president and the board of directors of the association, construed the contract made by the board of directors with said Davis to entitle him to a salary of $100 per month. He drew a salary from the beginning of the association to its end. It was first fixed at $75 per month. In September, 1891, by a general resolution the salary was increased to $100 per month. It remained at this figure and was repeatedly mentioned in the minutes of the board of directors until the association went into the hands of a receiver.

In the case of Rose v. Carbonating Co., 60 Mo. App. 29, Judge ROMBAUER, in speaking upon this very subject says: "The court will look to the construction put upon the resolution by the parties themselves." (2) In the case of Funston v. Funston Commission Co., 67 Mo. App. 559, the court holds that a salary is incident to the office, and that one succeeding to an office in a corporation to which a certain salary is attached, is entitled to the emoluments of that office upon performing the duties of the office. The office of secretary was created by the by-laws of the association and the board of directors by their action fixed the compensation of the secretary at $100 per month, regardless of who should fill the office.

BOND, J.—The only question presenting any difficulty in this case is whether defendant Davis committed a breach of the bond in suit by receiving the proceeds of checks payable to himself (on account of salary), for more than seventy-five dollars per month, during the period beginning the sixth of November, 1896, and ending the third of November, 1897? The terms of the condition of the bond in suit obligated defendant Davis to perform all the duties of said office (secretary), and to account for and turn over all money coming into his hands as such officer. There is no evidence that he did not discharge his official duties as secretary of the association, nor that he withheld any money which he had received for the association in that capacity. The obligation of sureties can not be extended beyond the reasonable significance of their terms. All the money sought to be recovered from him was paid to him by the treasurer in discharge of his services as secretary, through the medium of checks of the corporation, and, hence, did not fall' within the specification expressly stated in the bond of sureties, and they can not be required to

respond to the representative of the corporation for losses thus occasioned.

As the bond did not cover transactions of the nature complained of, it follows that plaintiff is not prejudiced by the judgment in his favor for one hundred dollars, and as defendant did not appeal from the judgment, it will be affirmed. All concur.